```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

EDWARD HORAN HAMILTON,

                Plaintiff,            MEMORANDUM & ORDER
                                       20-CV-0457(EK)
        -against-

ANDREW SAUL, COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

    Plaintiff Edward Horan Hamilton brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the denial of his claim for Social Security disability benefits.  He moves for judgment on the pleadings reversing that decision, or in the alternative an order remanding his application for further review.  Plaintiff argues, among other things, that the Administrative Law Judge ("ALJ") erred by discounting his hearing testimony about his symptoms.  The Commissioner of Social Security cross-moves for judgment on the pleadings, asking the Court to affirm the denial of Plaintiff's application.  For the reasons set forth below, I grant Plaintiff's motion and deny the Commissioner's.

1

**I. Background**

Edward Hamilton filed an application for disability benefits on July 28, 2016, seeking coverage from that date forward.  Administrative Transcript ("Tr.") at 153, ECF No. 8.  The Commissioner denied his request on December 27, 2016.  *Id*. at 68-76.  Following a hearing, ALJ Andrew Weiss denied his appeal on December 19, 2018.  *Id.* at 15-24.  On December 9, 2019, the Appeals Council denied Plaintiff's application for review.  *Id*. at 1-6.  Plaintiff appealed to this Court on January 27, 2020.

In his initial application, Plaintiff asserted lumbar disc herniations, cervical disc herniation requiring surgery, and right-side peroneal nerve damage injuries.  At the hearing before the ALJ, Plaintiff testified that he feels "shooting pains from my back down the back of my legs," "numbing pins and needles or shooting pins and needles" in his hands, constant pain in his wrists, and "shooting pain that comes up the back over my ear," as well as general "numbness and tingling" in his extremities.  *Id*. at 52-53.  Plaintiff attributes these conditions to his work as a police officer at Ground Zero, which he visited on a near-daily basis for three and a half months.  *Id.* at 46.  He testified that the only source of the symptoms his doctors could "think of" was his exposure there.  *Id.*

## II. Standard

A federal district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g). However, "[f]ailure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004).

## III. Statutory and Regulatory Framework

An applicant is entitled to disability benefits if that person is "disabled." 42 U.S.C. § 423(a)(1)(E). The statute defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

3

last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A).

Social Security regulations set out a five-step procedure for evaluating whether or not a claimant meets the statutory definition. First, the claimant may not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to do basic work activities. *Id.* § 404.1520(c). Third, the Commissioner must determine if the claimant's impairments meet or equal one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the Commissioner will deem the applicant disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or equal one of the Listed Impairments, then the Commissioner proceeds to the fourth step. At this stage, the Commissioner must identify the claimant's residual functional capacity ("RFC"). Based on the applicant's RFC, the Commissioner must then determine whether the applicant may perform past jobs the applicant has held. *Id.* § 404.1520(f). If the applicant is unable to perform his prior work, the Commissioner proceeds to the fifth and final step. Here, the Commissioner must determine whether the applicant

could perform other jobs available in the national economy, based on the claimant's age, education, work experience, and RFC.  *Id.* § 404.1520(g).  If no such jobs are available to the applicant, the Commissioner must find the applicant disabled.  The burden of proof rests on the applicant until the final step.

### IV. The ALJ's Decision

At step one, the ALJ concluded that Plaintiff's insured status continued through December 31, 2018, and that he had not engaged in substantial gainful activity since the claimed onset of his disabilities on June 27, 2016.  Tr. at 17.  At step two, the ALJ found that Plaintiff had the following severe impediments:  internal derangement of the cervical and lumbar spines, polyneuropathy, and right knee osteoarthritis.  At step three, however, the ALJ determined that none of these impairments (alone or combined) met or medically equaled one of the Listed Impairments.  *Id*.

At step four, the ALJ determined that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b).  Light work "involves lifting no more than 20 pounds at a time" and "requires a good deal of walking or standing" *or* "sitting most of the time with some pushing and pulling of arms or leg controls."  *Id.*  The ALJ found that Plaintiff could also "occasionally stoop, kneel, crouch or

5

crawl," and "can frequently handle and finger objects with his hands, and frequently push/pull."  Tr. at 18.

Based on his RFC analysis, the ALJ found that Plaintiff could perform his past work as a personal security provider, a baggage screener, and as a security guard.  *Id.* at 23.  Accordingly, the ALJ determined that Plaintiff was not disabled.

## V. Discussion

As noted above, Plaintiff challenges the ALJ's decision on several grounds, including that the ALJ improperly discounted his hearing testimony regarding the severity of his symptoms.  For the reasons set out below, I agree that the ALJ's decision was deficient in this respect.

The Social Security regulations set out a two-step process for assessing a claimant's subjective recitation of his or her symptoms:  first, the ALJ must decide whether the claimant suffers from a medically determinable impairment that "could reasonably be expected to produce" the alleged symptoms, 20 C.F.R. § 404.1529(b); and second, the ALJ must consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," *id.* § 404.1529(a), considering the claimant's "statements about [his] symptoms," along with other factors.  *Id.* § 404.1529(c)(3); *see also Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010).  At the second step, the regulations provide that the ALJ must consider the: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) measures taken by the claimant to relieve symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. § 404.1529(c)(3).  The failure to specifically reference a particular factor does not require remand, provided that "the evidence of record permits [a court] to glean the rationale of the ALJ's decision."  *Cichoki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013).

In weighing testimony, the ALJ must, of course, make credibility determinations.  But these determinations must be supported by substantial evidence.  *See Calabrese v. Astrue*, 358 F. App'x 274, 277 (2d Cir. 2009) (summary order).  Courts give "special deference" to the ALJ's credibility determinations.  *Marquez v. Colvin*, No. 12-CV-6819, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013).  When making credibility determinations, however, the ALJ must apply the factors set out in 20 C.F.R. § 404.1529(c)(3).  "Objective medical evidence is useful" in making this determination, "but the ALJ will not

reject statements about the intensity and persistence of pain and other symptoms 'solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Cichocki*, 534 F. App'x at 76 (quoting 40 C.F.R. § 416.929(c)(2)).

Here, the ALJ reasoned that, although the "claimant's medically determinable impairments could reasonably be expected to produce" the claimed symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 19. The ALJ supplied no specific reason for this finding and pointed to no specific part of the record that supported it. Nor did the ALJ reference the factors set out in 20 C.F.R. § 404.1529(c)(3) or explain his reasoning in a way that permits the court to "glean" the basis for his credibility determination. *Cichocki*, 534 F. App'x at 76. Instead, he merely recited the record evidence, without tying any of it to Plaintiff's credibility. This was error. *See Williams v. Astrue*, No. 09-CV-3997, 2010 WL 5126208, at *20 (E.D.N.Y. Dec. 9, 2010) (remanding where ALJ discounted plaintiff's statements because "the ALJ did not explicitly address the relevant factors and give specific reasons for his credibility determination based on those factors," but instead "summarized the medical record"); *Alcantara v. Astrue*, 667 F.

8

Supp. 2d 252, 278 (S.D.N.Y. 2009) (remanding where ALJ discounted plaintiff's testimony "for the reasons set forth in the body of this decision," because the ALJ "did not specifically explain how these factors impacted her assessment of [the plaintiff's] credibility").

And this error was not harmless. *See, e.g.*, *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration." (cleaned up)). Plaintiff testified that his conditions have "progressively gotten worse," his hands and legs are "numb" and feel like "pins and needles . . . all the time," he experiences constant arm pain, and he suffers from recurring "headaches that shoot up from the spine." Tr. at 45, 52-53. If credited, this testimony could undermine the ALJ's conclusion that Plaintiff can perform "light work," "occasionally stoop, kneel, crouch or crawl," "frequently handle and finger objects with his hands," and "frequently push/pull." 20 C.F.R. § 404.1567(b) (defining "light work" as "lifting no more than 20 pounds at a time," and "requir[ing] a good deal of walking or standing" *or* "sitting most of the time with some pushing and pulling of arms or leg controls.").

On remand, the ALJ should give specific reasons for the credibility assigned to Plaintiff's testimony, taking into

9

account the relevant factors listed in 20 C.F.R. § 404.1529(c)(3). And the ALJ must consider more than just the "objective medical evidence." *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements."); *Hilsdorf v. Comm'r of Soc. Sec'y*, 724 F. Supp. 2d 330, 350 (E.D.N.Y. 2010) (if an ALJ finds that the claimant's "medically determinable impairments could reasonably have been expected to produce the alleged symptoms," they cannot "then reject [the claimant's] statements about the pain on the grounds that objective medical evidence does not substantiate those statements.").

## VI. Conclusion

For the reasons stated above, the Commissioner's motion for judgment on the pleadings is denied and Plaintiff's motion is granted. This case is remanded for further proceedings consistent with this opinion.

SO ORDERED.

/s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:   September 27, 2021
         Brooklyn, New York

10